UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
Herbert Boynton,

                        Plaintiff,

                                                  **Rule 26(f) Report**

      -against-                                    CV 26-2252 (ARL)

Cablevision Lightpath, LLC,

                        Defendant.
-----------------------------------------------X

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on May 28, 2026 and was attended by:

Troy Kessler, Nancy Erika Smith, Benjamin Goldstein
_____, counsel for plaintiff(s) and

Rachael Luken Carp, Rutu Patel
_____, counsel for defendant(s).

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.      <u>INITIAL DISCLOSURES</u>
Have the parties agreed to make initial disclosures?

    **X** Yes      _____No      _____ The proceeding is exempt under Rule 26(a)(1)(B).

If yes, such initial disclosures shall be made by June 15, 2026_____.

2.      <u>VENUE AND JURISDICTION</u>

    a.    What is the claimed basis of federal jurisdiction?

      Diversity

    b.    If the alleged subject matter jurisdiction is based upon diversity of citizenship each party shall identify its citizenship and domicile at the time the matter was filed in or removed to federal court, and its current citizenship and domicile.

      Plaintiff - was and is a citizien of and domiciled in Florida.

      Defendant - is an LLC comprised of enities which are citizens of Delaware and New York all with principal places of business in New York.

Are there any contested issues related to venue or jurisdiction?

_____Yes    ___✗___No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by
_____.

3.    PARTIES AND PLEADINGS
   a.  The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by _____. After this date, no further amendments will be permitted.
   b.  If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

4.    MOTIONS
Are there any pending motion(s)?___✗___Yes    _____No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:
Briefing Schedule Regarding Def.'s Mot. to Dismiss (ECF No. 24).

5.    ISSUES
Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand (an attachment may be provided to complete this section):

Age discrimination and retaliation in violation of the New York State Human Rights Law, and fraudulent misrepresentation in violation of the New York common law.

6.    DISCOVERY PROCEDURES
   a.  The parties agree that all discovery, inclusive of expert discovery, shall be completed by May 15, 2027_____. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period, allowing for a timely response. If, after having met and conferred, the parties are unable to reach an agreement on any matter related to discovery, they may seek the Court's assistance by letter motion pursuant to Local Rule 37.3 and in accordance with Judge Lindsay's Individual Rules.

b.  Do the parties anticipate the production of ESI? ——X——Yes____No[1]
    If yes, describe the protocol for such production:

    The parties intend to use the Court's form.

c.  Do the parties intend to seek a confidentiality order?[2]              June 30, 2026
    If yes, such order or agreement shall be filed with the Court by _____ .

7.  EXPERT TESTIMONY                          January 31, 2027
    a.  Primary expert reports must be produced by _____ .
    b.  Rebuttal expert reports must be produced by February 28, 2027 .

    The schedule for expert discovery must be set in such a way to be completed before
    the discovery end date set for in paragraph 6(a). Absent a court order, this includes
    the time needed to complete expert depositions.

8.  DISPOSITIVE MOTIONS
    Any party planning on making a dispositive motion must take the first step in the
    motion process by June 1, 2027 . It is expected that dispositive motion practice will
    commence approximately two weeks following the close of discovery.

9.  SETTLEMENT
    Settlement discussions have ✕ / have not ___ taken place.

    Counsel for the parties have discussed an informal exchange of information in aid of
    early settlement in this case and have agreed upon the following:

    The parties agree to make a good faith effort to settle this case. The parties understand
    that this case may be referred to an attorney mediator for a settlement conference. The
    use of any alternative dispute resolution mechanism does not stay or modify any date
    set forth in the scheduling order.

    In order for the conference to be meaningful, the parties agree to complete all discovery

---

[1] See attachment A.
[2] See attachment B.

that may affect their ability to evaluate this case prior to the settlement conference.

10.  **RULE 16 PRETRIAL CONFERENCE**
Upon receipt of this Form the court will schedule a Rule 16 conference by telephone.

11.  **CONSENT TO MAGISTRATE JUDGE**
Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)

X Yes _____ No

12.  **OTHER MATTERS**
Indicate any other matters for the Court's consideration:

13.  Once approved any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 1 (D) which requires that applications be made at least forty-eight hours before the scheduled appearance or deadline.

All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses. Failure to do so could lead to the entry of a dismissal or default.

Dated:

[To be signed by Counsel]

PULLUP

_____
Jonathan C. Uretsky, Esquire
PULLP
Attorney for Defendant
Cablevision Lightpath LLC
111 Broadway, 8th Floor
New York, New York 10006
(212) 571-1255
uretsky@pullup.com

RUBIN, FORTUNATO & HARBSION P.C.

_____
Michael J. Fortunato, Esquire
Rachael Luken Carp, Esquire

KESSLER MATURA P.C.

_____
Troy L. Kessler, Esquire
Benjamin Goldstein, Esquire
Attorney for Plaintiff
Herbert Boynton
534 Broadhollow Road, Suite 275
Melville, New York 11747
(631) 499-9100
tkessler@kesslermatura.com
bgoldstein@kesslermatura.com

SMITH MULLIN P.C.

_____
Nancy Erika Smith, Esquire
Jesse Sengstacke, Esquire

Rutu Patel, Esquire
Rubin, Fortunato & Harbison PC
Attorney for Defendant
Cablevision Lightpath LLC
1200 Liberty Ridge Drive, Suite 220
Wayne, PA 19087
(610) 408-2000
RCarp@rubinfortunato.com
MFortunato@rubinfortunato.com
Rpatel@rubinfortunato.com

Attorney for Plaintiff
Herbert Boynton
240 Claremont Avenue
Montclair, New Jersey 07042
(973) 783-7607
Nsmith@smithmullin.com
Jsengstacke@smithmullin.com